TO BE PUBLISHED



Supreme Court of Kentucky

2018-SC-000209-KB

KENTUCKY BAR ASSOCIATION                                          MOVANT


V.                                    IN SUPREME COURT


JAMES WILLIS HARRIS                                             RESPONDENT


## OPINION AND ORDER

James Willis Harris, Kentucky Bar Association (KBA) Number 91472, was admitted to the practice of law in the Commonwealth of Kentucky on October 9, 2006, and his bar roster address is listed as 318 Montague Street, Franklin, Kentucky, 42134. The Board of Governors recommends this Court find Harris guilty of violating SCR 3.130-1.4(a)(3) and 8.1(b). For these violations, the Board voted 17-0 to recommend Harris be publicly reprimanded and ordered to pay all associated costs. For the following reasons, we adopt the Board's recommendation.

## I. BACKGROUND

Harris did not participate in the underlying proceedings; therefore, the matter is before this Court as a default case pursuant to SCR 3.210. We note that Harris was recently disciplined for violating SCR 3.130-8.1(b) for his

failure to respond to a bar complaint in a separate matter.[1] He is currently suspended from the practice of law for failing to pay his bar dues and complete continuing legal education requirements.

Turning to the facts of the current case, Lewis White hired Harris to represent him and his wife in a mortgage foreclosure action. White claimed Harris represented the couple for a time, but that Harris eventually failed to communicate with them. White insisted Harris abandoned the action and he and his wife had to obtain new counsel in the matter. All efforts to serve Harris at his bar roster address with the bar complaint failed and service was eventually completed through the KBA's Executive Director pursuant to SCR 3.035(2). Harris filed no response to the bar complaint.

The Inquiry Commission issued a five-count charge against Harris based upon White's complaint. The charge asserted that Harris violated: (1) SCR 3.130-1.3 by failing to act with reasonable diligence and promptness in representing his clients; (2) SCR 3.130-1.4(a)(3) in failing to keep his clients reasonably informed about the status of their action; (3) SCR 3.130-1.16(d) in failing to take steps to protect his clients' interests upon termination; (4) SCR 3.130-8.4(c) by engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation; and (5) SCR 3.130-8.1(b) by knowingly failing to respond to the KBA's lawful demand for information related to White's bar complaint.

---

[1] In that case, the Inquiry Commission's charge contained six counts of misconduct. However, the Board found Harris guilty only of failing to respond to the bar complaint. This Court agreed and accepted the Board's recommendation.

As was the case for the bar complaint, attempts to personally serve Harris with the charge were unsuccessful. He was ultimately served through the Executive Director. Harris filed no answer to the charge.

## II. BOARD'S RECOMMENDATION

When Harris's case came before the Board of Governors, the Board unanimously remanded the matter for additional information on two separate occasions—first to the KBA's Inquiry Commission and then to the Office of Bar Counsel. After the second remand, in which the Board asked for the record in the underlying foreclosure action, the Board considered the charge against Harris. After discussing the facts and record, the Board voted 17-0 to find Harris not guilty of three counts of the charge (violations of SCR 3.130-1.3, 1.16(d), and 8.4(c)). The Board voted 12-5 in favor of finding Harris guilty of violating SCR 3.130-1.4(a)(3) for failing to keep the Whites reasonably informed about the status of their action. The Board also voted 16-1 in favor of finding Harris guilty of violating SCR 3.130-8.1(b) for failing to comply with the KBA's lawful demands for information concerning this disciplinary matter.

The Board voted 17-0 in favor of recommending that Harris be publicly reprimanded for his ethical violations.

Pursuant to SCR 3.370(9),[2] this Court adopts the recommendation of the Board.

---

[2] SCR 3.370(9) provides that "[i]f no notice of review is filed by either of the parties, or the Court under paragraph eight (8) of this rule, the Court shall enter an order adopting the decision of the Board or the Trial Commissioner, whichever the case may be, relating to all matters."

## III. ORDER

Agreeing that the Board's recommended sanction is appropriate, it is ORDERED that:

1. James Willis Harris is found guilty of and publicly reprimanded for violating SCR 3.130-1.4(a)(3) and -8.1(b); and

2. Harris is found not guilty of the remaining counts in the present case; and

3. In accordance with SCR 3.450, Harris shall pay all costs associated with these proceedings, said sum being $969.79, for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED: August 16, 2018.

_____
CHIEF JUSTICE

4